# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: April 18, 2018

| | | |
|---|---|---|
| * * * * * * * * * * * * * | * | |
| DARREN STARR, *as father and* | * | |
| *natural guardian of the minor*, J.S., | * | |
| | * | No. 14-929V |
| Petitioner, | * | *Special Master Sanders* |
| | * | |
| v. | * | Attorneys' Fees and Costs; Reduced |
| | * | Attorney Hourly Rate; Reduced Paralegal |
| SECRETARY OF HEALTH | * | Hourly Rate; Expected Time; Travel |
| AND HUMAN SERVICES, | * | Time; Paralegal Work; Administrative/ |
| | * | Clerical Work; Bar Admission Costs |
| Respondent. | * | |
| * * * * * * * * * * * * * | * | |

<u>Kathleen Rachel Hersh-Boyle</u>, Hersh & Hersh, San Francisco, CA, for Petitioner.
<u>Debra A. Filteau Begley</u>, United States Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On September 30, 2014, Darren Starr, as father and natural guardian of the minor, J.S., ("Petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2]  42 U.S.C. §§ 300aa-1 to -34 (2012).  Petitioner alleged that as a result of a human papillomavirus ("HPV") vaccine administered on October 24, 2013, J.S. developed postural orthostatic tachycardia syndrome ("POTS") and/or dysautonomia.  Petition at 1, ECF No. 1.  On June 6, 2017, the parties filed a stipulation agreeing that a decision should be entered

---

[1] This decision shall be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information that satisfies the criteria in § 300aa-12(d)(4)(B).  Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision.  If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended, 42 U.S.C. §§ 300aa-10 *et seq.* (2012) (hereinafter "Vaccine Act" or "the Act").  Hereinafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

awarding compensation to Petitioner.  ECF No. 43.  A decision consistent with the stipulation was issued on June 7, 2017.  ECF No. 44.

On December 15, 2017, Petitioner filed a motion for an extension of time to file his application for attorneys' fees and costs.  ECF No. 50.  In the motion, Petitioner represented that his attorney was still billing hours related to the case; specifically, counsel still needed to attend a hearing in California state court related to the settlement.  *Id.*  The motion was granted, and Petitioner was ordered to file for attorneys' fees and costs no later than February 16, 2018.  *See* Order (Non PDF), docketed Dec. 15, 2017.

On February 15, 2018, Petitioner filed a motion for attorneys' fees and costs.  ECF No. 52. In the motion, Petitioner requests fees and costs totaling $22,619.07,[3] comprised of $19,653.80 in fees and $2,965.27 in costs.  Mot. at 2.[4]  Respondent filed a response on March 15, 2018.  ECF No. 53.  In his response, Respondent indicated that "[t]o the extent the special master is treating [P]etitioner's request for attorneys' fees and costs as a motion that requires a response from [R]espondent . . . Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  *Id.* at 2.  Respondent recommended that the undersigned "exercise her discretion and determine a reasonable award for attorneys' fees and costs."  *Id.* at 3.  Petitioner did not file a reply thereafter.  This matter is now ripe for consideration.

## I.      Attorneys' Fees

The Vaccine Act permits an award of reasonable attorneys' fees.  42 U.S.C. § 300aa-15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees under the Vaccine Act.  *Avera v. Sec'y of HHS*, 515 F.3d 1343, 1348 (Fed. Cir. 2008).  This is a two-step process.  *Id.*  First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  *Id.* at 1347-48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)).  Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings.  *Id.* at 1348.

---

[3] Petitioner's Motion Exhibit A, which is a summary of the attorneys' fees and costs application, contains calculation errors related to fees and the total amount requested.  Mot. at 2. Most importantly, the "Amount" requested for paralegal Lauren Diaz, $340.40, is significantly lower than the "Rate" requested ($148) multiplied by the "Hours Billed" (4.4 hours).  *Id.*; *see also id.* at 42.  The total hours billed are supported by the time sheet filed in Motion Exhibit C.  *Id.* at 42.  The "Hours Billed" multiplied by the "Rate" requested for Ms. Diaz would be $651.20.  The undersigned assumes that Petitioner intended to request an award for the full amount of hours supported by the billing records.  Therefore, the total fees amount would be $19,653.80, and the "Grand Total" would be $22,619.07.

[4] Although the attachments are labeled Exhibits A through D, the exhibits were filed as one document and are not all individually paginated.  Therefore, for ease of reference, the undersigned will cite to the exhibits using the CM/ECF-assigned page numbers (Pages 1 to 47) of ECF No. 52-1, rather than the page number of a particular exhibit.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of HHS*, 3 F.3d 1517, 1521-22 (Fed. Cir. 1993); *see also Hines v. Sec'y of HHS*, 22 Cl. Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of HHS*, 85 Fed. Cl. 313, 316-18 (2008).

### a. Hourly Rates

Forum rates are used in the lodestar formula, except when the rates in an attorney's local area are significantly lower than forum rates.[5] *Avera*, 515 F.3d at 1348-49. As the Federal Circuit has recognized, the forum in Vaccine Act cases will always be Washington, D.C., because special masters operate as "extension[s] of the United States Court of Federal Claims." *Id.* at 1353. In a 2015 decision, Special Master Gowen determined the reasonable Washington, D.C. forum rate ranges for attorneys with varying years of experience. *McCulloch v. Sec'y of HHS*, No. 09-293V, 2015 WL 5634323, at *18-*19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *mot. for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). When considering whether a requested rate is reasonable, special masters may consider an attorney's overall legal experience and her experience in the Vaccine Program, as well as the quality of the work performed. *Id.* at *17. The *McCulloch* rates have been updated for subsequent years, and are accessible on the Court's website at http://www.uscfc.uscourts.gov/vaccine-programoffice-special-masters.

Attorneys in California have previously been awarded forum rates. *See, e.g.*, *Tabor v. Sec'y of HHS*, No. 16-485V, 2017 WL 2544906, at *2 (Fed. Cl. Spec. Mstr. May 17, 2017) (holding that the attorney "practices in Beverly Hills, CA; therefore, forum rates apply"); *Green v. Sec'y of HHS*, No. 15-1447V, 2017 WL 6336776, at *3 (Fed. Cl. Spec. Mstr. Nov. 16, 2017) (noting that firm located in San Mateo, CA has "been consistently found entitled to forum rates for the Vaccine Program"). Ms. Hersh-Boyle submitted an affidavit stating that her "hourly rates are higher than the forum hourly rates" set forth in the forum hourly rate fee schedules. Mot. at 46. Ms. Hersh-Boyle states that she has billed an hourly rate of $350 from 2014 to 2016, and thereafter billed $375. *Id.* She believes that her hourly rates "are commensurate with the hourly rates billed by attorneys in California." *Id.* However, Ms. Hersh-Boyle states that "in light of"

---

[5] The *Avera* decision did not discuss whether there could be an exception to the forum rate when the rates in an attorney's local area are significantly higher than forum rates. However, such an argument has been made and rejected in Program cases. *See Rodriguez v. Sec'y of HHS*, No. 06-559V, 2009 WL 2568468, at *16-*17 (Fed. Cl. Spec. Mstr. July 27, 2009), *aff'd*, 91 Fed. Cl. 453 (2010), *aff'd*, 632 F.2d 1381 (Fed. Cir. 2011) (suggesting that special expertise or unavailability of other counsel may justify "a 'higher cost' exception to the forum rule," but finding that those conditions were not met in the case); *Becker v. Sec'y of HHS*, No. 13-687V, 2014 WL 4923160, at *6 (Fed. Cl. Spec. Mstr. Sept. 11, 2014) ("The reasoning of the *Davis County* exception [adopted in *Avera*], to prevent windfalls to attorneys in markets where hourly rates are significantly lower than the forum rate, does not apply when the local rate is higher than the forum rate."). In any event, although the motion discusses Ms. Hersh-Boyle's usual rates, Petitioner does not make an argument that his attorney should be awarded higher-than-forum rates.

the forum hourly rate fee schedules, her firm "has used the fee rate set forth [in the fee schedules] to calculate the attorneys' fees in this case." *Id.* at 47.

### i.     Attorney Hourly Rate

Ms. Hersh-Boyle has been licensed to practice law since December 2011 and became an associate at her current firm the same month.  Mot. at 46.  Although Ms. Hersh-Boyle handles a variety of products liability, medical malpractice, and other personal injury matters in her practice, she does not have previous experience in the Vaccine Program.  *Id.*

Ms. Hersh-Boyle began work in this case on May 27, 2014 and continued to bill hours through the beginning of 2018.  Mot. at 37-41.  Petitioner requests $230 per hour for work performed by Ms. Hersh-Boyle in 2014 and 2015.  Petitioner requests $307 per hour for work performed by Ms. Hersh-Boyle in 2016, 2017, and 2018.  *Id.*

Until December of 2015, Ms. Hersh-Boyle was an attorney with less than four years of experience in practice.  Although there was no forum rate fee schedule for 2014, Ms. Hersh-Boyle's rate of $230 per hour exceeds the forum hourly rate range applicable to attorneys with her experience in 2015.  Under that forum rate fee schedule, attorneys with less than four years of experience in practice may charge $150 to $225 per hour for work performed in 2015.  The undersigned does not find that Ms. Hersh-Boyle has any specific qualifications or experience that would justify awarding a higher-than-forum hourly rate in this case.[6]  However, the undersigned does find that it is reasonable to award an hourly amount at the higher end of the range for attorneys with less than four years of experience, because Ms. Hersh-Boyle had three years of experience as of December 2014.  Therefore, the undersigned will award Petitioner **$225 per hour for work performed by Ms. Hersh-Boyle in 2014 and 2015**.

From January 2016 until the conclusion of the hours she expended in this case, Ms. Hersh-Boyle was an attorney with 4-7 years of experience.  Under the forum hourly rate fee schedules, attorneys with 4-7 years of experience in practice may be awarded $225-$300 per hour for work performed in 2015-2016; $230-$307 per hour for work performed in 2017; and $238-$317 per hour for work performed in 2018.  Petitioner's requested hourly rate of $307 per hour for Ms. Hersh-Boyle is above the forum rate range for 2016, at the top of the range for 2017, and near the top end of the range for 2018.

The undersigned does not find that Ms. Hersh-Boyle has any specific qualifications or experience that would justify awarding a higher-than-forum hourly rate for work billed in 2016. Additionally, Ms. Hersh-Boyle did not obtain the four years of experience necessary for attorneys

---

[6] For example, special masters have awarded higher-than-forum rates for attorneys who had gained experience in the Vaccine Program prior to becoming licensed to practice law. *Pentcholov v. Sec'y of HHS*, No. 14-414V, 2016 WL 3197389, at *4-*5 (Fed. Cl. Spec. Mstr. Apr. 29, 2016) (awarding $10 above the forum hourly range for an associate with two years of post-licensure experience because she had approximately four years of pre-licensure experience working 30-40 hours per week at the firm, and she had "considerable Vaccine Program experience").

to receive the forum rate based on 4-7 years of experience until December 2015.  It would be more reasonable for her rate to be at the lower end of the range for 2016 and in the middle of the range by early 2018.  Therefore, the undersigned has determined that the following rates are reasonable based on Ms. Hersh-Boyle's experience: **$225 per hour for work performed in 2016**; **$250 per hour for work performed in 2017**; and **$275 for work performed in 2018**.

Based on the above reductions in hourly rates for Ms. Hersh-Boyle, the award for the total hours billed by Ms. Hersh-Boyle is reduced by **$2,612.90**, broken down as follows:

|  | Hours Billed | Hourly Rate Requested | Amount Requested | Hourly Rate Awarded | Amount Awarded | Reduction |
|---|---|---|---|---|---|---|
| 2014 | 10.1 | 230 | $2,323.00 | 225 | $2,272.50 | $50.50 |
| 2015 | 23.3 | 230 | $5,359.00 | 225 | $5,242.50 | $116.50 |
| 2016 | 21.1 | 307 | $6,477.70 | 225 | $4,747.50 | $1,730.20 |
| 2017 | 9.3 | 307 | $2,855.10 | 250 | $2,325.00 | $530.10 |
| 2018 | 5.8 | 307 | $1,780.60 | 275 | $1,595.00 | $185.60 |
| TOTAL: | 69.6 |  | $18,795.40 |  | $16,182.50 | **$2,612.90** |

### ii.    Paralegal Hourly Rate

Petitioner requests $148 per hour for work performed by Lauren Diaz and Portland Grant. Mot. at 42-43.  Ms. Hersh-Boyle's affidavit details the experience of Ms. Diaz and Mr. Grant, noting that Ms. Diaz "has been a secretary/paralegal in litigation for over ten years," and Mr. Grant "was a secretary and paralegal for well over twenty years." *Id.* at 47.  Although both are experienced paralegals, they do not have any specific experience with the Vaccine Program or expertise that would justify awarding a rate higher than the forum rate for paralegals.  The forum hourly rate fee schedule for 2015-2016 provides that paralegals may be awarded $125-$145 per hour for work performed during those years.  Therefore, Petitioner will be awarded **$145 per hour for paralegal work performed in 2014, 2015, and 2016**.  The requested amount for work performed in 2017 and 2018 is within the fee schedule ranges for those years.  Therefore, Petitioner will be awarded the requested **$148 per hour for paralegal work performed in 2017 and 2018**.

Based on the above reductions in hourly rates for Ms. Diaz, the award for the total hours billed by Ms. Diaz is reduced by **$9.60**, broken down as follows:

|  | Hours Billed | Hourly Rate Requested | Amount Requested | Hourly Rate Awarded | Amount Awarded | Reduction |
|---|---|---|---|---|---|---|
| 2014 | 1.4 | 148 | $207.20 | 145 | $203.00 | $4.20 |
| 2015 | 0.9 | 148 | $133.20 | 145 | $130.50 | $2.70 |
| 2016 | 0.9 | 148 | $133.20 | 145 | $130.50 | $2.70 |
| 2017 | 0.7 | 148 | $103.60 | 148 | $103.60 | $0 |
| 2018 | 0.5 | 148 | $74.00 | 148 | $74.00 | $0 |
| TOTAL: | 4.4 |  | $651.20 |  | $641.60 | **$9.60** |

Mr. Grant's hourly rate would also be reduced as described above.  However, as discussed below, all of Mr. Grant's hours reflect administrative/clerical tasks that are not compensable in the Vaccine Program, and Petitioner will not be compensated at any rate for the 1.4 hours billed by Mr. Grant.

### b.  Hours Expended

In addition to the reduction in hourly rates awarded, the undersigned has reviewed the billing records and finds that certain billing entries are not reasonable.

#### i.    Expected Time

The undersigned will not award Petitioner for time billed which was not actually completed prior to the submission of the request for attorneys' fees. *Palmieri v. Sec'y of HHS*, No. 16-818V, 2017 WL 6276139, at *1 (Fed. Cl. Spec. Mstr. Apr. 20, 2017) (reducing the attorneys' hours for "Future Time" because "[b]illing for work not performed is prohibited"); *see also Baker v. Sec'y of HHS*, No. 16-375V, 2018 WL 945854, at *3 (Fed. Cl. Spec. Mstr. Jan. 24, 2018) (cautioning counsel against "pre-billing" hours).

Petitioner requests compensation for 2 hours of "expected time" spent on the case.  Mot. at 41.  Ms. Hersh-Boyle's affidavit reflects that she "reported additional hours [she] expect[s] to expend in the case since the case is not yet completed." *Id.* at 47.  Specifically, the anticipated hours include one hour travel time to deliver the check to the Petitioner and then to the bank. *Id.* Petitioner requests an additional hour "to have petitioner sign all remaining documentation." *Id.*

Petitioner had requested one extension of time because the attorney was still completing work related to the case.  He could have requested an additional extension if it was necessary to do so because work was ongoing.  Furthermore, the undersigned finds that it is not reasonably necessary for an attorney to travel to hand-deliver a judgment check to a Petitioner or travel to obtain final signatures.  Thus, even if the anticipated hours had been billed after they were actually expended, they would not be reasonable and would not be awarded.  Therefore, Petitioner's request for attorneys' fees will be reduced by 2.0 hours in 2018, or **$550.00** for "expected time."

#### ii.   Travel Time

Although an attorney may bill for travel time, the undersigned awards attorney travel time at 50 percent of an attorney's hourly rate when the attorney is not performing work while traveling. *Gruber v. Sec'y of HHS*, 91 Fed. Cl. 773, 787-91 (2010); *see Amani v. Sec'y of HHS*, No. 14-150V, 2017 WL 772536, at *5 (Fed. Cl. Spec. Mstr. Jan. 31, 2017).

Petitioner requests compensation for 1 hour on May 27, 2014 when the attorney traveled round trip between San Francisco, California and Lafayette, California to meet with Petitioner. Mot. at 37.  Petitioner also requests compensation for 2 hours on October 9, 2015 when the attorney traveled round trip between San Francisco, California and Palo Alto, California to meet with Petitioner's expert. *Id.* at 38.  None of the billing entries reflects that work was done on the case while traveling.  Therefore, Petitioner will be afforded 50 percent of the attorney's hourly rate for

these three hours, or $112.50 per hour.  Therefore, Petitioner's request for attorneys' fees will be reduced by **$337.50** for travel time.

### iii. Paralegal-Level Work

Attorneys in the Vaccine Program are permitted to perform and bill for paralegal-level work, but it must be billed at a rate that is comparable to what would be paid for a paralegal performing the same task.  *Doe/11 v. Sec'y of HHS*, No. XX-XXXV, 2010 WL 529425, at *9 (Fed. Cl. Spec. Mstr. Jan. 29, 2010) (*citing Missouri v. Jenkins*, 491 U.S. 274, 288 (1989)) ("[T]he rate at which [certain] work is compensated turns not on who ultimately performed the task but instead turns on the nature of the task performed.").  Paralegal tasks include routine letter-writing, medical record requests and authorizations, preparation of exhibits for filing, organization of medical records and exhibits, and preparation of routine filings.  *Id.*

On January 2, 2015, Ms. Hersh-Boyle billed 0.4 hours to "Prepare[] Amended Exhibit List for filing; Prepare[] medical records for filing; Draft[] and prepare[] Statement of Completion for filing."[7]  Mot. at 37.  On May 29, 2015, Ms. Hersh-Boyle billed 0.3 hours to prepare an amended exhibit list and exhibits.  *Id.* at 38.  On August 3, 2015, she billed 1.2 hours to "Review[] medical records and prepare[] as Exhibits for filing."  *Id.*  On August 4, 2015, Ms. Hersh-Boyle "Continued review and compilation of medical records for filing, including electronic organization of records," for 0.4 hours.  *Id.*  On August 5, 2015, she billed 0.3 hours to "Prepare[] Amended Statement of Completion, Statement of Completion, and additional Exhibits (19-23)."  *Id.*  The same day, she also billed 0.9 hours to "Finalize[] documents for filing, including Statement of Completion, Third Amended Exhibit List, Exhibits, and Index of Exhibits and review[] filing."  *Id.*  On January 8, 2016, Ms. Hersh-Boyle billed 0.4 hours to "Print[] and compile[] Respondent's Expert's report." *Id.* at 39.  On April 29, 2016, Ms. Hersh-Boyle billed 0.1 hours to "Email[] [Petitioner's expert] confirming receipt of report and articles and confirm[] report will be filed."  *Id.*  On May 23, 2017, Ms. Hersh-Boyle billed 0.4 hours for the following: "Sent final stipulation via email; Prepared and sent final stipulation via mail to [Respondent's counsel]."  *Id.* at 40.  The undersigned finds that all of the above-described billing entries constitute paralegal-level work.

Some entries reflect paralegal-level work in combination with work that requires legal analysis and is properly billed at the attorney hourly rate.  On October 14, 2014, Ms. Hersh-Boyle billed 2.2 hours for the following: "Reviewed all medical records in office; Prepared medical records for filing; Reviewed file for status of medical records; Prepared Motion for Extension of Time."  Mot. at 37.  The undersigned estimates that reasonably 0.2 hours of that entry were for paralegal-level work of preparing documents for filing.  On October 8, 2015, Ms. Hersh-Boyle billed 0.8 hours for the following: "Compiled and Prepared documents for [Petitioner's expert], including copying and compiling medical records filed as exhibits; Prepared memo and notes for conversation."  *Id.* at 38.  The undersigned estimates that reasonably 0.5 hours of that entry were for paralegal work of copying, compiling, and preparing documents.  On February 1, 2016, Ms. Hersh-Boyle billed 1.5 hours for the following: "Reviewed and organized all of the medical records; summarized important records based on Expert reports and went through Respondent's Expert['s] review of the medical record for conflicts."  *Id.*  The undersigned estimates that

---

[7] Capitalization and punctuation are quoted as they appear in the billing entries.

reasonably 0.5 hours of that entry were for the review and organization of the records, which is paralegal-level work.

The undersigned notes that additional entries may also reflect paralegal-level work, but the entries are too vague to determine whether the work required the expertise of the attorney.[8]  The undersigned provided some latitude to Petitioner's counsel in this case because it is her first time filing a request for attorneys' fees in the Program.  However, the undersigned cautions Ms. Hersh-Boyle that in the future, billing entries which do not clearly reflect attorney-level work will be awarded at a paralegal rate.  Additionally, Ms. Hersh-Boyle is cautioned that she should clearly separate legal tasks from paralegal tasks, or individual billing entries containing both legal and paralegal tasks may be awarded fully at the paralegal rate.

Based on the above, the undersigned will reduce Ms. Hersh-Boyle's hourly rate for the described entries to the paralegal hourly rate of $145 for 2014-2016 and $148 for 2017-2018.  Therefore, Petitioner's request for attorneys' fees will be reduced by **$456.80** for paralegal tasks which were billed at the attorney hourly rate, broken down as follows:

| | Hours Billed | Attorney Hourly Rate | Amount Requested | Paralegal Hourly Rate | Amount Awarded | Reduction |
|---|---|---|---|---|---|---|
| 2014 | 0.2 | 225 | $45.00 | 145 | $29.00 | $16.00 |
| 2015 | 4 | 225 | $900.00 | 145 | $580.00 | $320.00 |
| 2016 | 1 | 225 | $225.00 | 145 | $145.00 | $80.00 |
| 2017 | 0.4 | 250 | $100.00 | 148 | $59.20 | $40.80 |
| 2018 | -- | -- | -- | -- | -- | -- |
| TOTAL: | 5.6 | | $1,270.00 | | $813.20 | **$456.80** |

### iv.   Clerical and Administrative Work

Billing at any rate for clerical and other administrative work is not permitted in the Vaccine Program.  *Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989) (tasks that were "primarily of a secretarial and clerical nature . . . should be considered as normal overhead office costs included with the attorneys' fees rates").  Clerical and administrative work includes tasks such as making travel arrangements, setting up meetings, and reviewing invoices.  *See Mostovoy v. Sec'y of HHS*, No. 02-10V, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016).  Vaccine Program decisions have also held that filing exhibits is a clerical task.  *Hoskins v. Sec'y of HHS*, No. 15-071V, 2017 WL 3379270, at *3 (Fed. Cl. Spec. Mstr. July 12, 2017) ("Almost all of the paralegal's time was spent on scanning, paginating, and filing records—clerical activities for which neither an attorney nor a paralegal should charge.");  *Floyd v. Sec'y of HHS*, No. 13-556V, 2017 WL 1344623,

---

[8] For example, Ms. Hersh-Boyle billed 1.2 hours for her "Review of new medical records and records needing to be re-filed or transcribed" on April 1, 2015.  Mot. at 37.  She also billed 0.5 hours on April 1, 2015 to "Prepare[] list of additional medical records to obtain," as well as 0.6 hours between May 5, and May 13, 2015 which reflect communication between herself and Respondent's attorney regarding the additional records.  *Id.* at 38.  It is unclear whether these tasks required legal analysis or if they could have been performed by a paralegal.

at *5 (Fed. Cl. Spec. Mstr. Mar. 2, 2017) ("[S]ome of the tasks performed by paralegals were clerical/secretarial in nature. Examples include . . . filing documents through the CM/ECF system."); *Kerridge v. Sec'y of HHS*, No. 15-852V, 2017 WL 4020523, at *3 (Fed. Cl. Spec. Mstr. July 28, 2017) (noting that a paralegal billed for "administrative tasks, including . . . filing exhibits" which are not compensated in the Vaccine Program).

Numerous entries in Ms. Hersh-Boyle's billing records reflect billing for administrative work involving scheduling. On March 10, 2015, Ms. Hersh-Boyle "Reviewed email from [the special master's law clerk] regarding scheduling" for 0.1 hours. Mot. at 37. The next day, the attorney "Consulted calendar regarding scheduling and emailed response regarding schedule for conference call" for 0.2 hours. *Id.* On May 12, 2015, Ms. Hersh-Boyle "Reviewed email from [Respondent's attorney] re: Scheduling a call and Responded" for 0.1 hours. *Id.* at 38. On February 9, 2016, she "Emailed [Petitioner's expert] re: scheduling a time to speak" for 0.1 hours. *Id.* at 39. On March 18, 2016, Ms. Hersh-Boyle "emailed [the expert] re: Scheduling" for another 0.1 hours. *Id.* On August 15, 2016, Ms. Hersh-Boyle noted a "Telephone Conference with [Respondent's counsel] and Office of the Special Master regarding report and rescheduling status conference" for 0.2 hours. *Id.* On August 23, 2016, Ms. Hersh-Boyle documented a "Call with [a clerk] at Special Master's [Chambers] regarding re-scheduling" for 0.1 hours. *Id.* On April 14, 2016, a billing entry for 0.2 hours reflects that Ms. Hersh-Boyle "Completed Review of Draft of Supplemental Report of [Petitioner's expert] [and] Emailed [the expert] scheduling a time to speak." *Id.* Based on the other entries, the undersigned finds that half of the time documented in that entry, or 0.1 hours, was likely spent on scheduling. While the undersigned does not find that any of these entries constitutes an overly-lengthy amount of time spent on scheduling, it is a task that does not require the expertise of an attorney, or even a paralegal. Scheduling is strictly administrative in nature, and therefore the time that an attorney or anyone else spends on scheduling will not be compensated in the Vaccine Program. Therefore, Petitioner's request for fees will be reduced by 1 hour in 2015-2016, or **$225.00**, for administrative activities billed by Ms. Hersh-Boyle.

All of the 1.4 hours billed by Mr. Grant were for filing, an administrative task. Mot. at 43. Therefore, Petitioner's request for fees will be reduced by **$207.20**, the full amount requested for Mr. Grant's time.

Ms. Diaz billed 0.8 hours in 2014, 0.9 hours in 2015, and 0.7 hours in 2016 for filing various documents. *Id.* at 42. Ms. Diaz also billed 0.2 hours in 2016 for emailing a joint status report to Respondent's counsel. *Id.* In 2017, Ms. Diaz billed 0.7 hours for preparing a civil case cover sheet, emailing documents for filing, and "follow[ing] up" on the filings. *Id.* In 2018, Ms. Diaz billed 0.5 hours for filing. The undersigned finds that all of these tasks were administrative and are not compensable in the Vaccine Program. Therefore, Petitioner's request for fees will be reduced by 2.6 hours, or **$377.00**, for 2014-2016, and 1.2 hours, or **$177.60**, for 2017-2018 for administrative activities billed by Ms. Diaz.

## II. Attorney's Costs

The Vaccine Act also permits an award of reasonable attorneys' costs. 42 U.S.C. § 300aa-15(e). Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of HHS*, 27 Fed. Cl. 29, 34 (1992).

Fees and costs related to bar admission are not compensable in the Vaccine Program. *Bennett v. Sec'y of HHS*, No. 15-1426V, 2017 WL 8220630, at *5-6 (Fed. Cl. Spec. Mstr. Dec. 8, 2017); *Raymo v. Sec'y of HHS*, No. 11-654V, 2016 WL 7212323, at *12 (Fed. Cl. Spec. Mstr. Nov. 2, 2016), *mot. for rev. denied*, 129 Fed. Cl. 691 (2016); *see also Velting v. Sec'y of HHS*, No. 90-1432V, 1996 WL 937626, at *1-2, *4 (Fed. Cl. Spec. Mstr. Sept. 24, 1996) (denying compensation for time and fees associated with obtaining bar admission despite counsel's indication that he sought admission specifically for the case and is unlikely to utilize the bar admission in the future).

Although only one attorney entered hours on the case, Petitioner requested compensation for the cost of two attorney admissions to the Court of Federal Claims, totaling $276.00 each. Mot. at 4, 8-9. Petitioner also requested $36.35 for a FedEx shipment to the Clerk of Court on July 15, 2014. *Id.* at 4, 34. The documentation of this shipment does not specify its contents, but it is clear based on the timing of this shipment that it was associated with the attorney admission documents and/or admission payments. As the costs associated with bar admission are not reimbursable, Petitioner's request for costs will be reduced by **$588.35**.

The undersigned finds that the remainder of the costs are reasonable.

## III.    Conclusion

Based on all of the above, the undersigned finds that Petitioner is entitled to the following award of reasonable attorneys' fees and costs:

| | |
|---|---:|
| Attorneys' Fees Requested | $19,653.80 |
| (Reduction to Atty Hourly Rate for Ms. Hersh-Boyle) | - $2,612.90 |
| (Reduction to Paralegal Hourly Rate for Ms. Diaz) | - $9.60 |
| (Reduction for Ms. Hersh-Boyle's Expected Time) | - $550.00 |
| (Reduction for Ms. Hersh-Boyle's Travel Time) | - $337.50 |
| (Reduction for Ms. Hersh-Boyle's Paralegal-Level Work) | - $456.80 |
| (Reduction for Ms. Hersh-Boyle's Admin. Work) | - $225.00 |
| (Reduction for Mr. Grant's Admin. Work) | - $207.20 |
| (Reduction for Ms. Diaz's Admin. Work) | - $554.60 |
| **Total Attorneys' Fees Awarded** | **$14,700.20** |

| | |
|---|---|
| Attorneys' Costs Requested | $2,965.27 |
| (Reduction for Bar Admission Costs) | -   $588.35 |
| **Attorneys' Costs Awarded** | **$2,376.92** |
| **Total Attorneys' Fees and Costs Awarded** | **$17,077.12** |

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e), the undersigned has reviewed the billing records and costs in this case and finds that Petitioner's request for fees and costs, other than those reductions delineated above, is reasonable.  Pursuant to General Order No. 9, Petitioner filed a statement that he has not personally incurred any costs in this matter.  ECF No. 54.  Accordingly, the undersigned hereby awards a total of **$17,077.12** as follows:

- **The total of $17,077.12, in the form of a check made payable jointly to Petitioner and Petitioner's counsel, Kathleen Rachel Hersh-Boyle, of Hersh & Hersh, for attorneys' fees and costs.**[9]

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court shall enter judgment in accordance herewith.[10]

**IT IS SO ORDERED.**

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master

---

[9] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.  Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of HHS*, 924 F.2d 1029 (Fed. Cir. 1991).

[10] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review.  Vaccine Rule 11(a).